IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID W. BROWN, JR., | ) |
| | ) |
| Plaintiff, | )  8:05cv336 |
| vs. | ) |
| | )  ORDER to SHOW CAUSE |
| DOUGLAS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court sua sponte. Pursuant to the Prison Litigation Reform Act ("PLRA"), an imprisoned civil plaintiff must pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if the court grants leave to proceed in forma pauperis ("IFP"). If a motion to proceed IFP is granted, the court assesses an initial partial filing fee in the amount of twenty (20) percent of the plaintiff's average monthly account balance or average monthly deposits, whichever is greater, for the six months preceding the filing of the complaint.

For prisoners proceeding IFP, usually initial review of the complaint, service of process on the defendant(s), and progression of the case do not occur until after the court receives the initial partial filing fee. If the deadline passes for payment of the assessed initial partial fee, the plaintiff will be asked to show cause why the case should not be dismissed. Absent a sufficient response, the case will be subject to dismissal, without prejudice, for lack of prosecution in light of the failure to pay the initial partial filing fee by the court-ordered deadline.

When directed to show cause, the following are several possible bases on which a plaintiff may show "cause" to excuse failure to make timely payment of an initial partial filing fee.

First, if a prisoner has no assets available in his or her inmate trust account to pay the initial fee, the PLRA does not require dismissal of the plaintiff's case. Instead, 28 U.S.C. § 1915(b)(4) states: "In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." In these circumstances, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended. Instead, payments of the assessed initial partial fee are to be collected by prison officials and remitted to the court "when funds exist" in the prisoner's trust account. 28 U.S.C. § 1915(b)(1). If ordered to show cause, the plaintiff may respond by explaining that an absence of funds in the trust account has prevented payment of the initial fee. On the basis of such a showing, the court may amend the Prisoner Payment Order to direct collection of the initial fee "when funds exist," and the case may then proceed.

1

Second, sometimes a plaintiff files an action while a prisoner but later is released from confinement before the filing fee has been paid in full. After release, the plaintiff may file an application to proceed IFP as a nonprisoner. If the plaintiff's financial condition, after release, so warrants, the court may grant the plaintiff IFP status as a nonprisoner, which excuses payment of any unpaid balance of the filing fee. If ordered to show cause, the plaintiff may respond by explaining that he or she has been released from custody, and the plaintiff may request free forms for filing a new IFP motion.

IT IS THEREFORE ORDERED:

1. That the court assessed an initial partial filing fee in the Prisoner Payment Order; the deadline for payment of the initial fee has expired, but the records of the court show no payment of the initial fee;

2. That, accordingly, by November 11, 2005, the plaintiff shall file a pleading[1] entitled Response to Order to Show Cause, explaining any reason the plaintiff may have why the above-entitled case should not be dismissed without prejudice for lack of prosecution;[2]

3. That in the absence of cause shown by the deadline stated above, this case may be subject, without further notice, to dismissal without prejudice by Chief Judge Joseph F. Bataillon.

DATED this 24th day of October, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

---

[1] Any pleading filed with the court may be handwritten, if legible.

[2] See NECivR 41.1, which states in pertinent part: "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."

2